UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JACK BEASLEY,
    Plaintiff,

vs.                                          08-2005

UNIVERSITY OF ILLINOIS and
JACK MCCRACKEN
    Defendants.

### MEMORANDUM OPINION AND ORDER

    Jack Beasley is the plaintiff. He names as defendants, the University of Illinois, sued as University of Illinois Department and Jeff McCracken, sued as Jeff McCracken, University of Illinois Police Officer. The plaintiff crossed off 42 U. S. C. Section 1983 on his complaint form, but based on the allegations contained in the plaintiff's complaint, his case would proceed pursuant to 42 U. S. C. Section 1983.

    The plaintiff appeared personally before the court on March 5, 2008 for a merit review hearing pursuant to 28 U.S.C. Section 1915A. That section requires the court to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

### Standard

    The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

    Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought);

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

1

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.).  The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

The merit review standard is the same as a motion to dismiss standard.  It is well established that *pro se* complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).  *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).  Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff.  *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Allegations

The facts are gleaned from the plaintiff's complaint [1] and statements he made during the March 5, 2008-merit review conference.  The plaintiff claims that on October 21, 2007 at 3:35 a.m., he was driving a truck that the police were trying to pull over.  The plaintiff pulled into a Mobil gas station, located at 2002 N. Lincoln Street in Urbana, Illinois.  He immediately held his hands up. Jeff McCracken, a University of Illinois police officer, shot into the truck.  The truck was turned off and the plaintiff was not trying to flee or elude the police.  The plaintiff claims he did not resist the officer and did not give the officer any reason to shoot at him.  The plaintiff did not have a gun or weapon of any kind.  He states he simply got off the highway and pulled into a well-lighted gas station because he knew the police were "over jealous" to get him.  There were about 25 other police from different police departments and none of the other police officers fired any shots at the plaintiff or his truck.  Plaintiff claims he was an unarmed man that got shot at and the officer used excessive force.  The plaintiff received no physical injuries as a result of the gun shot.  However, the truck driver's side window shattered from the shot.  The truck belonged to the plaintiff's employer, Patton Plastering.   The plaintiff was arrested and charged with robbery and home invasion.  He bonded out January 25, 2008 and later was found not guilty of the criminal charges.  As the plaintiff received no physical injuries, he sues only for emotional damages.

### Conclusion

The court notes that 42 U.S.C. § 1997e(e) bars actions by inmates [and pre-trial detainees] "for mental or emotional injury suffered while in custody without a prior showing of physical injury." The plaintiff alleges no physical injuries, nor can any be reasonably inferred from his allegations. He tells the court he received no physical injuries. His claims for damages for emotional and mental suffering are therefore barred. *Cassidy v. Indiana Dep't of Corrections*, 199 F.3d 374, 377 (7th Cir. 2000); *Robinson v. Page*, 170 F.3d 747, 749 (7th Cir. 1999); *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999). As to damages to the broken window of the truck, the plaintiff suffered no damages. The truck did not belong to him. It belonged to his employer. Further, even had the truck belonged to the plaintiff, claims for loss of property cannot be brought in this court as the State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims. *See Stewart v. McGinnis*, 5 F.3d 1031 (7th Cir. 1993). Pursuant to Fed R. Civ. Pro. Rule 12(b)(6), the plaintiff''s entire complaint is dismissed for failure to state a claim, upon which relief may be granted.

It is therefore ordered:

1. Pursuant to 28 U.S.C. §1915A, Fed. R. Civ. Pro. Rule 12(b)(6) and 42 U.S.C. § 1997e(e), the plaintiff's complaint is dismissed in its entirety. Any remaining matters are rendered moot.
2. Further, because the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.
3. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
4. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this 22nd day of July 2008.

/s/ Michael P. McCuskey
_____
Michael P. McCuskey
Chief United States District Judge